UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISIONS
IN ADMIRALTY

Case No. 2:18-cv-37-FtM-99CM

_____

IN THE MATTER OF THE PETITION OF
EVERGLADES AIRBOAT
MANAGEMENT, LLC, d/b/a CAPTAIN
JACKS AIRBOAT TOURS as the Owner of
the 2016 AON 18'6" AIRBOAT HIN
AON02479E616, FOR EXONERATION
FROM OR LIMITATION OF LIABILITY,

      Petitioner,

_____

## ANSWER, AFFIRMATIVE DEFENSES AND CLAIMS OF SHEILA WEIR, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF R.W., A MINOR, SHELLY RASTIN, INDIVIDUALLY, LINDA ASHWORTH, INDIVIDUALLY, CATHRYN STROM, AS PARENT AND NATURAL GUARDIAN OF T.S., A MINOR, AND GREG WEIR, INDIVIDUALLY

**COME NOW,** SHEILA WEIR, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF R.W., A MINOR, SHELLY RASTIN, INDIVIDUALLY, LINDA ASHWORTH, INDIVIDUALLY, CATHRYN STROM, AS PARENT AND NATURAL GUARDIAN OF T.S., A MINOR, AND GREG WEIR, INDIVIDUALLY ("Claimants"), and file this Answer, Affirmative Defenses and Claims in response to Petitioner, EVERGLADES AIRBOAT MANAGEMENT, LLC, d/b/a CAPTAIN JACKS AIRBOAT TOURS ("Petitioner") Complaint for exoneration from or limitation of liability, and state as follows:

## ANSWER

1. Admitted that this Federal Court action was filed pursuant to the Court's admiralty and maritime jurisdiction.

2. Denied for lack of sufficient knowledge to justify a belief therein.

3. Denied for lack of sufficient knowledge to justify a belief therein.

4. Denied for lack of sufficient knowledge to justify a belief therein.

5. Denied.

6. Denied for lack of sufficient knowledge to justify a belief therein.

7. Denied.

8. Denied.

9. Admitted.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied for lack of sufficient knowledge to justify a belief therein.

16. Denied for lack of sufficient knowledge to justify a belief therein.

17. Denied for lack of sufficient knowledge to justify a belief therein.

18. Denied.

19. Denied.

## **AFFIRMATIVE DEFENSES**

1. The Petition/Complaint fails to state a claim upon which relief may be granted.

2. This Honorable Court lacks personal jurisdiction over Claimants.

3. Pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, the Jones Act and all state law remedies, Claimants, in filing this Answer and Claim, reserve all rights to pursue all available claims in the forum of their choosing, including state court, for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court, and to have such claims and related damages tried to a jury. The filing of this Answer and Claim in no way constitutes a waiver of these rights and defenses, and Claimants do not, through this filing, agree to join all issues in this proceeding.

4. Pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, the Jones Act and all state law remedies, Claimants, in filing this Answer and Claim, reserve the right to move for bifurcation of this action so as to enable Claimants to select a court and/or forum of their choosing for all fact issues other than whether Petitioner was negligent, whether subject vessel was unseaworthy,

and whether such negligence and/or unseaworthiness were within Petitioner's knowledge or privity.

5. The Limitation of Liability Act, 46 U.S.C. §30501 et seq., is unconstitutional, because it violates Claimants' Fifth and Fourteenth Amendment rights under the United States Constitution to due process of and equal protection under the law.

6. Petitioner is not "vessel owners" entitled to seek exoneration from or limitation of liability under 46 U.S.C. §30501 et seq.

7. The Limitation of Liability Act does not apply to this case, because, at all relevant times, the subject Vessels was operated in a willful, wanton and reckless manner, or, alternatively, the conduct and actions resulting in Claimants' injuries took place with the privity and knowledge of Petitioner.

8. To the extent that the Honorable Court determines that the Limitation of Liability Act applies to this case, this limitation proceeding should include any and all proceeds from insurance coverage on the subject Vessel insuring Petitioner for events such as those underlying this case.

9. To the extent that the Honorable Court determines that the Limitation of Liability Act applies to this case, the limitation fund should include any and all proceeds from any judgment, award or settlement which may be received by Petitioner from any third party in recompense of any losses or damages sustained herein to the property or interests of Petitioner as a result of the fault or alleged fault of said third party.

10. To the extent that the Honorable Court determines that the Limitation of Liability Act applies to this case, the limitation fund should include the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel and/or owned by Petitioner.

11. Claimants reserve the right to contest the appraisal value of the subject Vessel, its appurtenances, and the adequacy of the security thereof.

12. Claimants' rights to maintenance and cure is unaffected by Petitioner's Complaint, and Petitioner's liability related to their refusal to provide maintenance and cure is not limited to the value of any of its vessels.

13. The Limitation of Liability Act does not apply to this case, because, at all relevant times, the subject Vessel was known by Petitioner to be unseaworthy.

14. The Limitation of Liability Act is unavailable to Petitioner's insurer(s).

15. Petitioner has failed to make out a prima facie case establishing that he is entitled to avail itself of the Limitation of Liability Act.

16. Petitioner is not entitled to exoneration from or limitation of liability with respect to wages due to Claimants.

17. The limited intended purpose of limitations proceedings renders such a proceeding inapposite for a case of this nature.

18. Petitioner is not entitled to exoneration from or limitation of liability, and the Complaint should therefore be denied, because the events culminating in the injuries of Claimants were the result of the negligence or fault of Petitioner, the negligence or fault of those for whom Petitioner is responsible, the unseaworthiness of the subject Vessel, supervision and enterprise, all of which was within the privity and knowledge of Petitioner.

19. The events culminating in the injuries of Claimants were not the result of any negligence or fault of Claimants.

**AND NOW**, specifically reserving all defenses asserted herein, Claimants file their Claim in the Complaint for exoneration from or limitation of liability of, and state that:

## CLAIMS

1. Claimants re-assert each and every defense and objection set forth above as if stated verbatim herein. As a result of the incident involving the subject Vessel, Claimants suffered injuries and damages.

2. On the day of the subject incident, Petitioner and Claimants, paid monies to the benefit of Petitioner for a fun and safe tour of the Florida Everglades aboard the subject Vessel.  Travis Freeman, a licensed captain by the US Coast Guard and who is an employee and/or agent of the Petitioner, was in charge of the safe operation and voyage aboard the subject Vessel.

3. The incident giving rise to this cause of action occurred on or about November 22, 2016, at approximately 1:30 P.M., in Panther Creek in Everglades City, Collier County, Florida.

4. At said date and time, Travis Freeman negligently, carelessly and recklessly operated the subject Vessel, causing injuries to SHEILA WEIR, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF R.W., A MINOR, SHELLY RASTIN, INDIVIDUALLY, LINDA ASHWORTH, INDIVIDUALLY, CATHRYN STROM, AS PARENT AND NATURAL GUARDIAN OF T.S., A MINOR, AND GREG WEIR, INDIVIDUALLY.

### Negligence of Petitioner

5. Claimants repeat, re-allege, and incorporate paragraphs 1- 4 above, as if stated herein and further allege:

6. This is an action for negligence under the Jones Act, 46 U.S.C. § 30104 and/or general maritime law.

7. Petitioner owed Claimants an absolute duty to act reasonably in the operation and maintenance of the subject Vessel and to provide a safe working environment. Petitioner breached his duties and is negligent, negligent per se, grossly negligent and/or reckless for reasons including but not limited to the following:

      a. Failing to provide the subject Vessel's crew with a safe place to work that contained proper and adequate machinery, crew, and equipment;

      b. Failing to promulgate and enforce reasonable rules and regulations necessary to ensure the safety and well-being of the crew of the subject Vessel's;

      c. Failing to reasonably inspect, maintain and/or repair the vessel, its equipment, and its cargo;

      d. Failing to properly train and/or supervise their employees, agents and/or contractors;

      e. Failing to exercise due care and caution;

      f. Failing to provide adequate safety equipment;

      h. Operating and/or permitting operation of the vessel while consuming alcohol and/or drugs;

      j. Failing to adequately monitor the vessel;

      k. Violating applicable Coast Guard regulations;

      l. Negligently hiring its Captain who had an extensive criminal/traffic background;

      m. Negligently retaining its Captain;

      n. Violating USCG Navigation Rules numbered #5, #6, and #8; and

      o. Violating Florida Statute, Section 327.33 -Reckless or careless operation of vessel.

8. Petitioner is vicariously liable for their employees' and/or agents' acts and/or omissions.

9. The negligent acts causing the loss occurred within the privity and knowledge of Petitioner.

10. As a direct and proximate result of Petitioners' breach, SHEILA WEIR, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF R.W., A MINOR, SHELLY RASTIN, INDIVIDUALLY, LINDA ASHWORTH, INDIVIDUALLY, CATHRYN STROM, AS PARENT AND NATURAL GUARDIAN OF T.S., A MINOR, AND GREG WEIR, INDIVIDUALLY, were injured. Petitioner is therefore liable for all damages recoverable and/or general maritime law and Florida law, including but not limited to pain and suffering, permanent

aggravation of a pre-existing condition, disfigurement, disability, mental anguish, loss of the capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care and treatment, loss of consortium, society, services and family relationship, and loss of earnings. These losses are either permanent or continuing in nature, and SHEILA WEIR, INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF R.W., A MINOR, SHELLY RASTIN, INDIVIDUALLY, LINDA ASHWORTH, INDIVIDUALLY, CATHRYN STROM, AS PARENT AND NATURAL GUARDIAN OF T.S., A MINOR, AND GREG WEIR, INDIVIDUALLY, will suffer these losses in the future. Claimants have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court.

11. Claimants demand a trial by jury for all issues so triable.

### Prayer for Relief

**WHEREFORE,** Claimants pray that, after due proceedings, this Honorable Court:

a. Dismiss Petitioner's Complaint seeking Exoneration From or Limitation of Liability and lift the injunction or restraining order currently in place in this matter;

b. Alternatively, require Petitioners to deposit additional security in the form of a cash deposit into the registry of the Court, so that the total amount deposited, determined by appraisal of a commissioner appointed by the Court, reflects the full value of the subject Vessel.

c. Permit Claimants to proceed and prosecute their claims without pre-payment of costs;

d. Render judgment herein in favor of Claimants, and against Petitioner for all damages as are warranted, interest accrued on such damages since the date of the subject loss, and for all costs of these proceedings; and

e. Order all other relief to which Claimants is entitled under law and equity.

### Demand for Jury Trial

Claimants demand a trial by jury. *See Luera v. M/V Alberta*, 635 F.3d 181 (5th Cir. 2011).

Dated: March 26, 2018

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing on behalf

of Claimants/Respondents, SHEILA WEIR, INDIVIDUALLY AND AS PARENT AND

NATURAL GUARDIAN OF R.W., A MINOR, SHELLY RASTIN, INDIVIDUALLY, LINDA

ASHWORTH, INDIVIDUALLY, CATHRYN STROM, AS PARENT AND NATURAL GUARDIAN OF T.S., A MINOR, AND GREG WEIR, INDIVIDUALLY, was electronically filed with the Clerk of the Court using this Court's CM/ECF system this March 27th, 2018.

Respectfully submitted,

By: /s/ Laurence Trias, Esq.
**Laurence Trias, Esq. (FBN: 42683)**
The Pendás Law Firm
4244 Evans Avenue, Suite A
Fort Myers, FL 33901
Attorney for Plaintiffs
ltrias@Pendaslaw.com
jrentas@Pendaslaw.com